J-A04004-24

2024 PA Super 303

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:                     PENNSYLVANIA
:
v.                       :
:
:
:
JOCELYN HELEN TIGLIO           :
:
Appellant       :   No. 2255 EDA 2023

Appeal from the Order Entered August 15, 2023
In the Court of Common Pleas of Carbon County
Criminal Division at Nos:  CP-13-CR-0001105-2021,
CP-13-CR-0001318-2021

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:                     PENNSYLVANIA
:
v.                       :
:
:
:
JOCELYN HELEN TIGLIO           :
:
Appellant       :   No. 2855 EDA 2023

Appeal from the Order Entered August 15, 2023
In the Court of Common Pleas of Carbon County
Criminal Division at No:  CP-13-CR-0001318-2021

BEFORE:   STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

OPINION BY STABILE, J.: **FILED DECEMBER 18, 2024**

Appellant, Jocelyn Helen Tiglio, appeals from an order in which the trial

court concluded that it lacked jurisdiction to grant her work release, furlough,

and/or parole.  We affirm in part, reverse in part, and remand for proceedings

consistent with this opinion.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On January 4, 2022, Appellant pled guilty to two separate counts of simple possession of controlled substances (fentanyl and methamphetamine) under 35 P.S. § 780-113(a)(16).[1]  In the fentanyl case, Appellant checked into a rehabilitation facility on the evening of February 19, 2021, and brought with her twenty bags of fentanyl that she placed in a rubber glove concealed in her vagina.  She snorted ten bags throughout the night, and the remaining bags were found on her person.  In the methamphetamine case, when law enforcement officials served an arrest warrant on Appellant at her mother's home on August 30, 2021, they discovered her in an attic hiding in a wooden chest with 4.87 grams of methamphetamine, two loaded syringes, two empty syringes, ten glassine baggies with fentanyl, one spoon with residue, and one clear baggie with soaked Q-tip cotton balls.

Prior to pleading guilty, Appellant had been convicted twice of possession of drug paraphernalia, 35 P.S. § 780-113(a)(32), and multiple drug-related convictions.  The court ordered a pre-sentence investigation prior to sentencing.  The report reflected that Appellant is single, never married, and has two children under the age of ten.  The father of both of Appellant's

---

[1] Section 780-113(a)(16) is a provision within the Controlled Substance, Drug, Device and Cosmetic Act ("Controlled Substance Act"), 35 P.S. §§ 780-101—780-144.  Section 780-113(a)(16) prohibits the defendant from "[k]nowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act." *Id.*

children died of an overdose of fentanyl. Appellant has been an addict since she was fourteen years old, and although she has received treatment in approximately twenty rehabilitation facilities, she continues to use drugs.

Appellant was in county prison at the time of sentencing on December 9, 2022. The court sentenced Appellant in the methamphetamine case to imprisonment of one year less one day to three years to be served in a state correctional institution. The court sentenced Appellant in the fentanyl case to six months to two years' imprisonment to be served in a state correctional institution consecutive to the methamphetamine sentence. Appellant's aggregate sentence was one and a half years (less one day) to five years' imprisonment. Both sentences were within the standard guideline range and made Appellant RRRI-eligible[2] and eligible for the State Drug Treatment Program. Neither sentence granted any form of work release. The court explained that it imposed a state sentence because Appellant had exhausted all potential resources and options at the county level, and the state had resources not available to the county to address Appellant's drug and mental health issues. Opinion, 10/12/23, at 4. The court further noted that if Appellant successfully completed the State Drug Treatment Program, she could complete her sentence in two years instead of five years. *Id.*

Following sentencing, the Pennsylvania Department of Corrections ("DOC") refused to accept Appellant's transfer from county prison to state

_____

[2] *See* 61 Pa.C.S.A. §§ 4501-4512 (Recidivism Risk Reduction Incentive).

- 3 -

prison. On December 18, 2022, Appellant filed timely post-sentence motions for reconsideration of her sentences and a supplement on January 10, 2023. Appellant's motion objected to the DOC's rejection of her transfer to state prison. The DOC acknowledged that Appellant's sentences met the jurisdictional *threshold* for length—two years or greater, **see** 42 Pa.C.S.A. § 9762(b)—but claimed the grading requirement of 42 Pa.C.S.A. § 9762(i) was not met because none of the convictions on which Appellant was sentenced were second-degree misdemeanors or higher. Appellant therefore had to remain in county prison.

On March 2, 2023, following two hearings, the court denied Appellant's post-sentence motion. The order advised Appellant of her right to appeal to the Superior Court and contained the notice and information required by Pa.R.Crim.P. 720(B)(4). Appellant did not file a direct appeal.

On May 8, 2023, Appellant filed a *pro se* motion for work release. Several days later, counsel for Appellant filed a memorandum stating that if the county chose to keep Appellant, the trial court retained the authority to grant Appellant work release and ultimately to parole her sometime in the future. Counsel argued Appellant remained subject to county jurisdiction by virtue of being a Carbon County Correctional inmate by default.[3]

---

[3] On May 22, 2023, Appellant filed a petition for furlough to attend adult and teen challenge inpatient rehabilitation. On August 11, 2023, Appellant filed a praecipe to withdraw her petition for furlough.

On August 10, 2023, the Commonwealth filed a response opposing work release. On August 14, 2023, the court entered an order denying work release. In a footnote, the court opined that Appellant's aggregate sentence was properly classified as a state sentence and should be served in a state correctional facility, and therefore the court had no jurisdiction to grant work release, furlough or parole. On August 29, 2023, the court denied Appellant's motion for reconsideration of the August 14, 2023 order. On August 30, 2023, Appellant appealed to this Court. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises a single issue in this appeal:

Whether the Trial Court erred in determining that it lacked jurisdiction to grant [Appellant] either work release, furlough, and/or to parole [Appellant] from the Carbon County Correctional Facility ("CCCF") when the Pennsylvania Department of Corrections ("DOC") administratively rejected the DC-5B Transfer Request of the CCCF to transfer [Appellant] from CCCF to serve her 1.5 to 5 year state prison Sentence at the State Correctional Institute ("SCI") on two ungraded misdemeanor possession counts and [Appellant] remains at the CCCF to serve the remainder of her aforesaid Sentence at the county prison in lieu of the DOC's rejection of the inmate transfer request.

Appellant's Brief at 3.[4] Appellant argues that the trial court erred by ruling that it lacks jurisdiction to grant work release, furlough or parole to Appellant.

---

[4] Section 9762(b)(1) of the Sentencing Code, 42 Pa.C.S.A § 9762(b)(1), requires all persons sentenced to total or partial confinement for a maximum term of five or more years be committed to the DOC. Section 9762(i) permits the DOC to refuse to commit a person to a state institution even when they are to be confined for five or more years, unless the aggregate sentence

*(Footnote Continued Next Page)*

We conclude first that the court did not have jurisdiction to grant work release. Appellant in essence was asking the trial court to modify her sentence to provide for work release. *See* 42 Pa.C.S.A. § 9755 (at time of sentencing a court may provide for a defendant to work at their employment). The trial court, however, no longer had jurisdiction to modify her sentence. A defendant seeking a modification of sentence must do so by filing a post-sentence motion for modification of sentence within ten days after sentencing. *See* Pa.R.Crim.P. 720. Although Appellant filed a timely post-sentence motion challenging the DOC's refusal to transfer her to state prison, she did not seek a modification for work release. The court denied Appellant's motion on March 2, 2023, and Appellant did not file a direct appeal from that order. Thus, Appellant long ago lost the right to seek work release as a part of her sentence through a post-sentence motion filed within ten days of sentencing.

A court does, however, possess the authority to modify any order within 30 days if no appeal has been filed under 42 Pa. C.S.A. § 5505. Accordingly,

---

consists of a conviction for an *offense graded* as a misdemeanor of the second degree or higher or the Secretary of Corrections or the secretary's designee has consented to the commitment. As stated above, Appellant filed post-sentence motions objecting to the DOC's refusal to accept her transfer from county to state prison. The trial court then made inquiry to the DOC questioning its refusal to accept Appellant into a state institution where the aggregate term of her *sentences*—five years—exceeded that of a second-degree misdemeanor. The DOC responded, without further explanation, that the request for transfer was denied. The court then denied Appellant's post-sentence motions. Appellant did not appeal from this order, so the issue of whether the DOC erred in its decision to reject Appellant's transfer is not before us.

the court could have modified Appellant's sentence to provide for work release had it done so within 30 days of its sentencing order. A court loses jurisdiction to take any action under this statute more than thirty days after sentencing. Here, the court did not act to modify Appellant's sentence within the 30 days it retained jurisdiction to do so under Section 5505.

Appellant asserts that the trial court had jurisdiction to grant her work release as a county prisoner under two provisions, 42 Pa.C.S.A. §§ 9813 and 9755.[5] Neither statute provides an avenue to grant Appellant work release.

Section 9813 provides in relevant part:

Notwithstanding any provision of law, if any offender has been **sentenced to undergo imprisonment in a county jail for a term of less than five years**, **the court, at the time of sentence or at any time thereafter** upon application made in accordance with this section, may enter an order making the offender eligible to leave the jail during necessary and reasonable hours for the purpose of working at his employment, conducting his own business or other self-employed occupation, including housekeeping and attending to the needs of family, seeking employment, attending an educational institution, securing medical treatment or for other lawful purposes as the court shall consider necessary and appropriate.

42 Pa.C.S.A. § 9813(a) (emphasis added). This provision does not assist Appellant's request for work release consideration, since the statute by its clear and plain language, at a minimum, dictates that the court only has the power to grant work release under terms of imprisonment in a county jail if a

---

[5] Section 9755 was raised *sua sponte* by this Court during oral argument and the parties were asked to file supplemental briefs on the issue.

sentence is for **less** than five years.  Appellant's sentence is for a maximum of five years.[6]

Nor does 42 Pa.C.S.A. § 9755 aid Appellant's cause.  That statute is found in the "Imposition of Sentence" subchapter of the Sentencing Code, a series of statutes that concern the types of sentences that the court can impose and related subjects.  *See* 42 Pa.C.S.A. §§ 9751-9765 (Subchapter E of Sentencing Code).  Section 9755, entitled "Sentence of Partial Confinement," provides in relevant part:

> **(a) General Rule.--**The court shall specify **at the time of sentencing** the length of the term during which the defendant is to be partially confined, which term may not exceed the maximum term for which he could be totally confined, and whether the confinement shall commence in a correctional or other appropriate institution.
>
> \* \* \*
>
> **(c) Purposes for partial release.--The court may in its order** grant the defendant the privilege of leaving the institution during necessary and reasonable hours for any of the following purposes:
>
> **(1)  To work at his employment.**
> **(2)  To seek employment.**
> (3)  To conduct his own business or to engage in other self-employment, including housekeeping and attending to the needs of the family.
> (4)  To attend an educational institution or participate in a course of vocational training.
> (5)  To obtain medical treatment.

---

[6] We need not resolve at this time whether Section 9813 may be used by a trial court where it provides for a sentence of five years or more to be served in a state facility but a defendant is serving time in a county facility due to the DOC's refusal to admit the defendant to a state facility.

(6) To devote time to any other purpose approved by the court.

**(d) Conditions to release.--**The court may in addition include **in its order** such of the conditions as are enumerated in section 9763 (relating to conditions of probation) as may be reasonably related to the sentence.

*Id.* (emphasis added). Appellant argues that she is a county inmate and is therefore eligible for work release under subsections (c) and (d) of Section 9755. This argument fails because Section 9755 states that the court can grant work release or other remedies under this statute only "at the time of sentencing" and "in its [sentencing] order." 42 Pa.C.S.A. § 9755(a, c, d). The court did not grant work release at the time of sentencing, and Section 9755 does not authorize the court to do so now.

We next address Appellant's claim that the court erred in failing to grant her a furlough. The authorities Appellant cites for this proposition are identical to the authorities she cites concerning work release. Accordingly, this claim fails for the same reasons given above concerning her request for work release.

Finally, we turn to Appellant's argument that pursuant to 61 Pa.C.S.A. § 6132(a)(2), the trial court erred in failing to grant her parole. The court concluded that it did not have the power to grant parole, since that is the exclusive province of the State Parole Board for persons committed to incarceration for more than two years. We conclude the trial court was in error in this regard and therefore reverse that part of its decision.

Section 6132 provides that the Parole Board shall have exclusive power to parole and reparole, commit and recommit persons for violations of parole and to discharge from parole all persons sentenced by any court at any time to imprisonment in a State correctional institution pursuant to 42 Pa.C.S.A. § 9762. However, this exclusive power does not apply, *inter alia*, to those persons committed to county confinement within the jurisdiction of a court pursuant to 42 Pa.C.S.A. § 9762. 61 Pa.C.S.A. § 6132(a)(2)(ii). Although the court imposed a "state sentence," Appellant was placed in the county facility under the jurisdiction of the trial court because the DOC declined to accept her into a state institution under Section 9762(i). It therefore was within the power of the trial court to consider Appellant's request for parole. We also observe that since the Parole Board does not have parole jurisdiction over Appellant by virtue of Section 6132(a)(2)(ii), a trial court possesses the power to release an inmate on parole if the inmate is in the county correctional institution of that judicial district. 42 Pa.C.S.A. § 9776(a). Therefore, while the trial court could not modify Appellant's sentence to provide for work release or to grant her furlough for the above stated reasons, it was within the trial court's authority to consider Appellant's request for parole. Since the trial court did not consider Appellant's parole request because it did not believe it had the power to do so, we remand the Appellant's request for parole for further consideration by the court by virtue of Section 6132(a)(2)(ii) and Section 9776.

For the above reasons, we affirm the trial court's order denying relief to Appellant to modify her sentence to provide for work release and/or for furlough but remand this matter for the court to reconsider Appellant's request for parole.

Order affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date:  12/18/2024